

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 19, 1957

Mr. William J. Burke
Executive Director
State Board of Control
Austin, Texas

Opinion No. WW-60

Re: The authority of the State
Board of Control to sell
or lease State owned tide-
lands in Clear Creek, Harris
County, Texas, for the pur-
pose of constructing piers,
boat docks, fishing cabins,
residences, etc.

Dear Mr. Burke:

In a recent opinion request of this office, you, in
effect, state the following:

In the 1930's Mr. James H. Charleston built a fishing
wharf and pier consisting of a wood frame building resting on
wooden piles, on submerged lands in Clear Creek near its
mouth in Galveston Bay, Harris County, Texas. This land is
regarded as State land.

You then ask whether the State Board of Control has
authority to execute leases or authority to sell such lands
as above described under the provisions of Articles 665 and
666a, Vernon's Civil Statutes, or under any other acts of
the Legislature.

Article 666a provides that the State Board of Control
may lease for agricultural or commercial purposes all public
grounds under the charge and control of the State Board of
Control.

Article 665 provides that the State Board of Control
shall have charge and control of all public buildings, grounds,

and property of the State.

A search of Vernon's Civil Statutes fails to reveal any other Legislative acts which might pertain to the leasing or sale by the State Board of Control of lands such as those described above.

It is said in 38 Tex. Jur., Section 19, State of Texas, page 836:

"Power in respect to State property rights is vested in the Legislature, and the Legislature alone may exercise the power necessary to the enjoyment and protection of those rights by the enactment of statutes for that purpose."

Thus, authority for the disposition or control of State property or lands must emanate from either the Texas Constitution or the Legislature. The Constitution of Texas does not authorize the State Board of Control to dispose of tidelands. And it is said in Lorino v. Crawford Packing Company, 142 Tex. 51, 175 S.W. 2d 410, at page 56, Tex., 413 S.W. 2d by Justice Sharp, regarding legislative disposition of tidelands or lands under navigable waters:

"The rule is firmly established in this State that land under navigable waters is withdrawn from the general provisions of the statutes conferring upon the Land Commissioner the right to contract for the sale or lease thereof, and passes by grant or sale only when so expressly provided for by the sovereign authority, and there is no presumption that the State has authorized such grant or sale."(Emphasis added.)

See City of Galveston v. Mann, 135 Tex. 319, 143 S.W. 2d 1028; State v. Bradford, 121 Tex. 515, 50 S.W. 2d 1065; Landry v. Robison, 110 Tex. 295, 219 S.W. 819; DeMeritt v. Robison, 102 Tex. 358, 116 S.W. 796; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; City of Galveston v. Menard, 23 Tex. 349; Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W. 2d 441; Rosborough v. Picton, 12 Tex. Civ. App. 113, 34 S.W. 791; Heard v. Town of Refugio, 129 Tex. 349, 103 S.W. 2d 728.

Mr. William J. Burke, Page 3 (WW-60)

Since the days of the Republic, the courts of this State have clearly and emphatically held that leases, grants or sales of tidelands or lands underlying navigable waters are authorized and valid only when clearly and expressly provided for by the sovereign authority. We are therefore of the opinion that the authorization to the State Board of Control to lease public grounds belonging to the State of Texas under Article 666a is not such a clear and express authorization by the sovereign as will permit the State Board of Control to lease or sell lands covered or periodically inundated by tidal waters. If tidelands or submerged lands were to be included in Article 666a, the act would have had to describe the lands as such.

We must therefore advise you that the State Board of Control has no authority to lease or sell the lands periodically inundated by tidal waters in Clear Creek, Harris County, Texas, referred to in your opinion request.

SUMMARY

The State Board of Control has no authority to lease or sell lands periodically inundated by tidal waters in Clear Creek, Harris County, Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By J. Milton Richardson

J. Milton Richardson
Assistant

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
        Chairman

JMR:bk